UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER EDWIN BAMACA JERONIMO,

Petitioner,

v.

WARDEN et al.,

Respondents.

No.  1:26-cv-02826-DAD-SCR

ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On April 14, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order challenging his detention in respondents' custody. (Doc. No. 1, 2.)  In the petition, he seeks his immediate release from respondents' custody and an award of attorneys' fees and costs.  (Doc. No. 1 at 8–9.)  On April 15, 2026, the court issued an order directing respondents to file an opposition to the pending motion for temporary restraining order in which respondents indicate whether they oppose the court ruling on the merits of the underlying petition based on the present briefing and address whether this case is distinguishable from the circumstances addressed in the court's prior orders in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871, at *1

/////

1

(E.D. Cal. Mar. 20, 2026), and *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 5.)

On April 15, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 6.) Therein, respondents have indicated that they do not oppose the court ruling on the merits of the underlying petition for writ of *habeas corpus*.  (*Id.* at 1.)  They also "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  (*Id.*)  Respondents' sole argument is that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*Id.* at 1–2), an argument that the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Petitioner is a citizen of Guatemala who entered the United States without inspection in or about October 2022.  (Doc. No. 1 at ¶¶ 1–2.)  On or about March 1, 2026, petitioner encountered local law enforcement for an unidentified purpose, was taken into custody after he admitted that he had entered this country without inspection, and was transferred into the custody of Immigration and Customs Enforcement ("ICE") on the same day.  (*Id.* at ¶¶ 5–6.)  Based on the record before the court, it appears that March 1, 2026 was petitioner's first encounter with ICE officials.

The court incorporates and adopts the reasoning set forth in its decision in *Quichimbo-Jimenez* and finds that petitioner can only be detained pursuant to 8 U.S.C. § 1226(a) and cannot be legally detained pursuant to.  Further, because § 1225(b) is the only authority that respondents argue petitioner is being detained under, the court incorporates the reasoning set forth in *Cardenas* and *J.P.C.* and concludes that the appropriate remedy under the circumstances is to order petitioner's immediate release from respondents' custody.  Accordingly, pursuant to the reasoning as stated in *Quichimbo-Jimenez*, *Cardenas*, and *J.P.C.*, which is adopted herein, the court will grant the pending petition for writ of habeas corpus in part.

For the reasons explained above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

2

      a.    Respondents are ORDERED to immediately release petitioner Walter Edwin Bamaca Jeronimo, A-File No. 221-497-968, from respondents' custody;

      b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

      c.    Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion.

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting petitioner federal habeas relief on the merits;

3.    The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 16, 2026**                 _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3